

SCOTTSDALE INSURANCE COMPANY®

October 22, 2012

**CERTIFIED MAIL/RETURN RECEIPT REQUESTED**

United Industries & Construction Corp.
2034 Continental Avenue
Bronx, NY 10461

United Industries & Construction Corp.
2590 East 21st Street
Brooklyn, NY 11235

RE: **Eddie Ye v. Golden City 8 Realty, LLC (and related actions)**
   **Insured:  United Industries & Construction Corp.**
   **Claim No.:  1312961-140**

Dear Sir or Madam:

 As you know, Scottsdale Insurance Company ("Scottsdale") has been defending United Industries & Construction Corp. ("United") in litigation pending in the Supreme Court of New York, Kings County and styled <u>Eddie Ye, Tiffany Tung and Sandy Chao Mei Lam v. Golden City 8 Realty, LLC, Schulman Homes, Inc., United Industries and Construction Corp., and Kam Cheung Construction, Inc.</u> (Index No. 11874/2010) (the "<u>Ye</u> Action") and <u>Yee Chou Fun Li, Fu Shui Poon, Fu Wing Poon, Danny Li, Sun Li, and Judy Li v. Golden City 8 Realty, LLC, Schulman Homes, Inc., United Industries and Construction Corp., Kam Cheung Construction, Inc., and LMW Engineering Group, LLC</u> (Index No. 15128/2012) (the "<u>Li</u> Action").

 In addition, Scottsdale is aware of related actions, all of which are pending in the Supreme Court of New York, Kings County, styled <u>Chung Hung Chau and Pang Chow v. Golden City Realty, LLC and Shulman Homes, Inc., John and Jane Does, et al.</u> (Index No. 3013/2010) (the "<u>Chau</u> Action"); <u>Yuet Chor Cheng and Lai Yee Cheng v. Golden City Realty, LLC and Shulman Homes, Inc., John and Jane Does, et al.</u> (Index No. 3014/2010) (the "<u>Cheng</u> Action"); and <u>Dan Yuen Chen v. Golden City 8 Realty LLC and Schulman Homes, Inc.</u> (Index No. 19030/2010) (the "<u>Chen</u> Action").[1]  All of these lawsuits are collectively referred to herein as the "Underlying Actions."

 As explained more fully below, based upon its investigation to date and the allegations giving rise to these claims, Scottsdale respectfully must disclaim any obligation to defend and/or indemnify United in connection with any of the Underlying Actions.  Scottsdale intends to commence a declaratory judgment action by which it will seek a declaration that coverage is unavailable by virtue of:  (i) the Earth or Land Movement Exclusion contained in two of the policies which Scottsdale issued to United; (ii) an Exclusion for Continuing or Ongoing Damage contained in the Scottsdale Policies; and (iii) Demolition Exclusion contained in two of the Scottsdale Policies; (iv) an exclusion for "property damage" that is expected or intended from the standpoint of the insured; and (v) an exclusion for punitive or exemplary damages.

---

[1]  It appears that several third-party actions have been commenced against LMW Engineering Group LLC in connection with this litigation.

**P.O. Box 4110**   **8877 N. Gainey Center Dr.**  **(480) 365-4000**  **1-800-423-7675**
**Scottsdale, AZ 85261-4110**  **Scottsdale, AZ 85258**   **FAX 480-483-6752**       A Nationwide® Company

United Industries & Construction Corp.
October 22, 2012
Page 2

In addition, Scottsdale intends to seek rescission of the policies based on United's omission of information material to the risk insured when it applied for each of the policies.

**I.      Factual Background**

This matter arises out of alleged property damage to several buildings surrounding properties located at 755 and 757 60th Street, Brooklyn, New York.  The Underlying Actions involve various building owners who allege that excavation, demolition and construction work performed at 755 and 757 60th Street caused damage to their premises, including but not limited to, cracks to and movement of the foundation walls, and cracked exterior and interior walls.  At least one of these actions (the Li Action) also contains allegations that defendants knowingly and intentionally caused the damages sustained by the Plaintiffs, and punitive and/or treble damages are sought in the Li, Cheng, and Chung Actions.

**II.      Coverage Profile**

Scottsdale Insurance Company issued to United Industries and Construction Corp.:  Commercial General Liability Policy no. CLS1393437 for the period August 1, 2007 to August 1, 2008 (the "2007-2008 Policy"); Policy no. CLS1512440 for the period August 1, 2008 to August 1, 2009 (the "2008-2009 Policy"); and Policy no. CPS1065636 for the period August 1, 2009 to August 1, 2010 (the "2009-2010 Policy") (collectively, the "Scottsdale Policies").

Relevant portions of the Scottsdale Policies are annexed hereto as Addendum A.

**III.      Coverage Position**

For the reasons set forth below, Scottsdale respectfully must disclaim coverage to United with respect to each of the Underlying Actions.

First, as noted above, it is alleged in each of the lawsuits that excavation, among other work performed at the construction site, caused damage to plaintiffs' buildings.  In addition, Scottsdale has learned that an engineer retained by certain of the plaintiffs has opined that the damage to plaintiffs' buildings was caused by differential lateral movement and subsidence of the buildings as a result of excavation and retaining structure works.

Pursuant to Endorsement, the 2007-2008 and 2008-2009 Policies contain the following Exclusion:

EARTH OR LAND MOVEMENT EXCLUSION

This policy does not apply to … "property damage" … or damages … caused, directly or indirectly or in whole or in part, by the movement, in any direction, of earth or land, regardless of:

1.      The cause or source of such earth or land movement;

2.      Whether such earth or land movement arises from natural or man-made forces or causes; or

3.      Whether such earth or land movement occurs:

a.      Independently of;

b.      As a result of;

United Industries & Construction Corp.
October 22, 2012
Page 3

> c.    In concurrence or connection; or
>
> d.    In any sequence associated
>
> With any other natural or man-made forces, causes, events or operations.
>
> Earth or land movement includes, but is not limited to, subsidence, settling, sinking, rising, slipping, falling away, caving in, shifting, expanding, contracting, dissolving, eroding, mudflow, sliding, tilting of land or earth, earthquakes, volcanic eruption and weather.

In view of plaintiffs' allegation that the damage to their buildings was caused, at least in part, by excavation, as well as the conclusion of the engineer whom they retained that the damage was caused by movement and subsidence of the buildings as a result of excavation, this exclusion applies to bar coverage in connection with these claims.   Accordingly, Scottsdale denies a duty to defend, or to indemnify, United in connection with the Underlying Actions based on this exclusion.

Second, each of the Scottsdale Policies contains the following exclusion for Continuing/Ongoing Damage:

CONTINUING OR ONGOING DAMAGE EXCLUSION

*          *          *

> This insurance does not apply to "property damage" when any of the following apply:
>
> Continuing Or Ongoing Damage
>
> 1.    The "property damage" first occurred, began to occur or is alleged to have occurred or been in the process of occurring, to any degree, in whole or in part, prior to the inception date of this policy.
>
> 2.    The "property damage" is indiscernible from other damage that is incremental, continuous or progressive damage arising from an "occurrence" which first occurred, began to occur or is alleged to have occurred, to any degree, in whole or in part, prior to the inception date of this policy.

The complaint in the <u>Ye</u> Action alleges that the property damage took place on or about, prior to, and after June 29, 2009.  The <u>Li</u> Complaint contains similar allegations, stating that the damage occurred "on or about, prior to July 2009 and continuing thereafter."  Scottsdale therefore denies coverage under the 2009-2010 Policy, and reserves the right to further deny coverage to the extent that the alleged property damage commenced prior to the inception date(s) of the 2007-2008 and/or 2008-2009 Policies.

In addition, the 2007-2008 and 2008-2009 Policies both contain an endorsement that provides:

United Industries & Construction Corp.
October 22, 2012
Page 4

DEMOLITION EXCLUSION

This policy does not provide coverage for:

1.      BODILY INJURY or PROPERTY DAMAGE arising out of any blasting operations; or

2.      BODILY INJURY or PROPERTY DAMAGE arising from the use of a "ball and chain" or similar apparatus; or

3.      BODILY INJURY or PROPERTY DAMAGE arising out of the demolition of any building or structure which has an original height in excess of three stories or original height in excess of fifty (50) feet; or

4.      PROPERTY DAMAGE to any abutting, adjoining, common or party wall.

Coverage may be further barred by virtue of this exclusion, and Scottsdale reserves its right to further deny coverage on this basis.

The Scottsdale Policies also contain the following exclusion:

This insurance does not apply to:

a.      Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

As discussed above, it is alleged in the Li Action that the defendants knowingly and intentionally caused the damages sustained by the Plaintiffs.  Accordingly, coverage may be further barred by virtue of this exclusion, and Scottsdale reserves its right to further deny coverage on this basis.

In addition, the Scottsdale Policies contain the following exclusion:

PUNITIVE OR EXEMPLARY DAMAGE EXCLUSION

This policy does not apply to a claim of or indemnification for punitive or exemplary damages.

Punitive or exemplary damages also include any damages awarded pursuant to statute in the form of double, treble or other multiple damages in excess of compensatory damages.

If suit is brought against any Insured for a claim falling within coverage provided under the policy, seeking both compensatory and punitive or exemplary damages, then the Company will afford a defense to such action.  However, the Company will have no obligation to pay for any costs, interest or damages attributable to punitive or exemplary damages.

United Industries & Construction Corp.
October 22, 2012
Page 5

Coverage is further unavailable, to the extent that any punitive damages are awarded against United, based on the Punitive or Exemplary Damage Exclusion contained in the policies, and because such damages are uninsurable as a matter of public policy.

Lastly, Scottsdale has learned that United's principal, Antonio Morales, allowed an unlicensed friend to use United's name in applying for a permit to perform work at the site, and that Morales and his business partner have a history of allowing unlicensed friends to apply for permits in this manner. United did not disclose this practice when applying for the Scottsdale Policies, and Scottsdale intends to commence a declaratory judgment action seeking rescission of the policies in view of United's omission of this material information.

**IV.    Conclusion**

The foregoing statement of Scottsdale's position disclaiming any obligation to defend or indemnify United in connection with the Underlying Actions is based on information with which Scottsdale has been provided to date. This letter is not intended to be, nor is it to be construed as, an exhaustive listing of all the terms, conditions, limitations and exclusions of the Policies which might limit or preclude coverage for this matter. Scottsdale expressly reserves all rights under the Policies, and available at law, to disclaim coverage on additional or alternative bases if other terms, conditions, exclusions, endorsements and provisions of the policy are found to be applicable. Scottsdale further reserves the right to file a declaratory judgment action seeking a declaration of its rights and obligations with respect to this claim and seeking rescission of the Policies and, as noted above, intends to commence such an action.

In addition, Scottsdale further reserves the right to seek reimbursement from United for all defense costs incurred, including but not limited to, with respect to the defense of the Underlying Actions.

Scottsdale will continue to defend United in the Underlying Actions pending the outcome of the declaratory judgment action. In this connection, United is entitled to retain independent counsel to defend it in the Underlying Actions, the reasonable cost of which will be paid by Scottsdale through trial of the Underlying Actions and/or pending a determination by the Court of the issues raised in the declaratory judgment action. Please contact me within fifteen days upon receipt of this correspondence to advise of your choice of counsel.

If you are aware of any additional information or authorities that you would like us to consider, we ask that you please provide it to us immediately.

Should you have any questions, please feel free to contact me.

Very truly yours,

Cary D Smith
Claim Specialist
Ext. 2983

cc:    Cascone & Kluepfel
       1399 Franklin Avenue, Ste 302
       Garden City, NY 11530
       Attn: Rendon P. Sangalang, Esq.

       Addressees via Regular Mail