```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SCOTTSDALE INSURANCE COMPANY,

                        Plaintiff,                              **MEMORANDUM AND ORDER**
                                                                12-CV-5732 (RRM) (LB)
          - against -

UNITED INDUSTRIES & CONSTRUCTION
CORP.,

                        Defendant.
------------------------------------------------------------X
```

ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff Scottsdale Insurance Company ("Scottsdale") seeks reconsideration of this Court's September 29, 2015 Memorandum and Order (the "September Order") granting in part and denying in part the parties' cross motions for summary judgment. (Scottsdale 10/27/15 Ltr. (Doc. No. 34).) The Court presumes the parties' familiarity with the facts of the case, accepts the parties' letter motions, and deems the matter fully briefed. For the reasons below, Scottsdale's motion for reconsideration is denied.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 59(e) and Local Rule 6.3, "[a] motion for reconsideration should be granted only where the moving party demonstrates that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision." *In re N.Y. Cmty. Bancorp, Inc. v. Secs. Litig.*, 244 F.R.D. 156, 159 (E.D.N.Y. 2007) (internal citations omitted); *see Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Perez v. N.Y.C. Dep't of Corr.*, No. 10-CV-2697 (RRM), 2013 WL 500448, at *1 (E.D.N.Y. Jan. 17, 2013). Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial

1

resources." *Butto v. Collecto Inc.*, 845 F. Supp. 2d 491, 494 (E.D.N.Y. 2012) (quoting *Trans-Pro Logistic Inc. v. Coby Electronics Corp.*, No. 05-CV-1759 (CLP), 2010 WL 4065603, at *1 (E.D.N.Y. Oct. 15, 2010)) (internal quotation marks omitted). Moreover, "[a] motion for reconsideration may not . . . be used as a vehicle for relitigating issues already decided by the Court." *Webb v. City of New York*, No. 08-CV-5145 (CBA), 2011 WL 5825690, at *1 (E.D.N.Y. Nov. 17, 2011) (quoting *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001)).

## DISCUSSION

Scottsdale brings three claims in its motion for reconsideration: first, that the Court erred by overlooking the portion of the Earth and Land Movement Exclusion that states the exclusion applies "regardless of . . . whether such earth or land movement occurs . . . in concurrence or connection . . . with any other natural or man-made forces, causes, events or operations"; second, that the Court erred in finding that controlling law presumes prejudice where an insurer unreasonably delays disclaiming coverage; and third, that the Court erred in dismissing its causes of action regarding indemnification because Scottsdale may ultimately still be able to seek to disclaim its duty to indemnify.

### I. Earth or Land Movement Exclusion

Scottsdale first challenges the Court's denial of its motion for summary judgment seeking a declaration that it has no obligation to defend or indemnify defendant United in the Underlying Actions based on the Earth and Land Movement Exclusion in its policy. (Scottsdale 10/27/15 Ltr. at 1.) Scottsdale cites a recent Second Circuit case that "confirmed that the earth or land movement exclusions apply *regardless* of whether all such damages are attributed to earth or land movement." (*Id.* (citing *Coney Island Auto Parts Unlimited, Inc. v. Charter Oak Fire Ins. Co.*, No 14-CV-3220 (DAL) (CFD) (SHS), 2015 WL 6123210 (2d Cir. Oct. 19, 2015) (summary

2

order).) The *Coney Island Auto* case, however, only *confirms* existing law that the Court already considered. It does not establish a new rule, or add to or alter the Court's analysis.

In the September Order, the Court distinguished the present case from those in which *all* of the alleged damage in the underlying complaint could only have been attributed, in whole or in part, to earth or land movement. (September Order (Doc. No. 31) at 13 n.4.) *Coney Island Auto* falls into this distinguishable category. The only damage alleged there was the collapse of a floor, which was caused in part by the settlement of soil underlying the floor. *Coney Island Auto*, 2015 WL 6123210, at *2. Here, the complaints in the Underlying Actions included allegations of various damages caused by excavation, demolition and/or construction. Accordingly, some of the damage alleged could have been caused entirely by non-earth-and-land-movement-acts and, as such, would be covered by the policy. *See Frontier Insulation Contractors, Inc. v. Merchants Mut. Ins. Co.*, 91 N.Y.2d 169, 175 (1997) ("If any of the claims against the insured arguably arise from covered events, the insurer is required to defend the entire action.").

In sum, the Court fully considered the Earth and Land Movement Exclusion, including the portion excluding damage caused *in part* by earth and land movement regardless of whether such movement occurred in concurrence or connection with any other event, and reasonably determined that summary judgment finding that Scottsdale had no duty to defend was not appropriate. *See Snyder v. Nat'l Union Fire Ins. Co.*, 688 F. Supp. 932, 938 (S.D.N.Y. 1988) (finding that the insurer had not proved that the allegations in the complaint cast the pleading "solely and entirely within the policy exclusions" and, because the factfinder could determine that the defendant in the underlying suit committed separate and independent acts that would bring the claim within the coverage and outside of the scope of a policy exclusion, the insurer

had to a duty to defend); *see also Frontier*, 91 N.Y. 2d at 177 (finding a duty to defend where "Defendants have failed to establish that *all* of the underlying bodily injury claims satisfy the time and place prerequisites of the [exclusion]" (emphasis added)). Accordingly, Scottsdale's motion for reconsideration on this ground is meritless.

**II.     Estoppel**

Scottsdale next challenges the Court's conclusion that United has a valid estoppel claim. (Scottsdale 10/27/15 Ltr. at 2–3.) An insurer who undertakes the defense of an insured may be estopped from disclaiming coverage if it unreasonably delays disclaiming coverage and, as a result, the insured suffers prejudice. *Illinois Union Ins. Co. v. Midwood Lumber & Milwork, Inc.*, No. 13-CV-2466 (ARR), 2014 WL 639420, at *12 (E.D.N.Y. Feb. 18, 2014). It is undisputed that United unreasonably delayed disclaiming coverage. Scottsdale contests the Court's finding of prejudice.

In the September Order, the Court found that prejudice could be presumed because of United's loss of its right to control its own defense. (September Order at 9–10.) This is consistent with the well-settled principle that "prejudice to an insured may be presumed 'where an insurer, though in fact not obligated to provide coverage without asserting policy defenses or reserving the privilege to do so, undertakes the defense of the case, in reliance on which the insured suffers the detriment of losing the right to control its own defense.'" *Bluestein & Sander v. Chicago Ins. Co.*, 276 F.3d 119, 122 (2d Cir. 2002) (*Bluestein II*) (citing *Albert J. Schiff Assocs. Inc. v. Flack*, 51 N.Y.2d 692, 699 (1980)); *Adams v. Chicago Ins. Co.*, 49 F. App'x 346, 349–50 (2d Cir. 2002) (summary order); *Globe Indem. Co. v. Franklin Paving Co.*, 77 A.D.2d 581, 582 (1980) (holding that it is "well settled that where an insurer has undertaken the defense of an action on behalf of an insured, with knowledge of the facts constituting a defense to

4

coverage under the policy, and where, during the interim, the insured is thereby deprived of the control of his defense, the former may be estopped from asserting that its policy does not cover the underlying claim").

In support of its motion, Scottsdale points to a separate, though related, line of cases stating that "[p]rejudice is established only where the insurer's control of the defense is such that the character and strategy of the lawsuit can no longer be altered." *Federated Dep't Stores, Inc. v. Twin City Fire Ins. Co.*, 28 A.D.3d 32, 39 (2006). This is true; however, it is irrelevant here where Scottsdale, with full knowledge of the facts constituting a defense to coverage, undertook coverage of United without reserving its right to disclaim coverage.[1] In cases where the insurer undertakes the insured's defense without knowledge of its basis for disclaimer or where the insurer asserts its rights to disclaim coverage once realized, prejudice may not be presumed – rather, it must be *established*.

While it is true that some district courts have muddied the waters between these distinguishable lines of cases and purported to reject – rather than distinguish – any application of a presumption of prejudice, this Court is obligated to "predict carefully how the state's highest court would resolve the uncertainty." *Bluestein II*, 276 F.3d at 122. For the reasons discussed in the September Order, the Court has determined that New York state law allows prejudice to be presumed where, as here, "an insurer has undertaken the defense of an action on behalf of an insured, with knowledge of the facts constituting a defense to coverage under the policy, and where, during the interim, the insured is thereby deprived of the control of his defense, the

---

[1] This distinction is key – so much so that *Federated Dep't Stores* points it out twice. *See id.* at 37 ("At the time Twin City accepted the tender of Federated's defense, it did not know, nor could it have known, that Federated was not an additional insured under its policy.") and at 38–39 ("Secondly, the insurer, with knowledge of the information upon which it subsequently disclaimed, undertook the defense. That is clearly not the case here.").

5

former may be estopped from asserting that its policy does not cover the underlying claim." *Globe Indem. Co.*, 77 A.D.2d at 582.

### III. Indemnification

Finally, Scottsdale argues that the Court should not have dismissed its First and Second Causes of Action because the timing of the alleged damage could not be ascertained with certainty. (Scottsdale 10/27/15 Ltr. at 3.) Nor, Scottsdale argues, should the Court have dismissed its Third, Fourth, Fifth, and Seventh Causes of Action because, even if they cannot defeat a duty to defend, they contain valid defenses to a duty to indemnify. (*Id.*) Scottsdale fails to provide any support for this argument or present any law or fact that the Court overlooked. Reconsideration is properly denied where the party seeking reconsideration does not demonstrate any clear error, highlight a change in controlling law, or present new evidence. *See Montblanc-Simplo GmbH v. Colibri Corp.*, 739 F. Supp. 2d 143, 147 (E.D.N.Y. 2010).

As discussed in the September Order, the Second Circuit has found that it is entirely appropriate to dismiss a claim for a declaratory judgment relating to an insurer's duty to defend and indemnify where the court finds there is a duty to defend, but the duty to indemnify is premature. *Westport Ins. Corp. v. Hamilton Wharton Grp. Inc.*, 483 F. App'x 599, 604 (2d Cir. 2012) (summary order) (rejecting appeal of district court's dismissal of premature claims relating to duty to indemnify); *see also Specialty Nat'l Ins. Co. v. English Bros. Funeral Home*, 606 F. Supp. 2d 466, 472 (S.D.N.Y. 2009) ("[U]ntil the underlying action is decided, dismissal of an insurance company's declaratory judgment action for indemnity is appropriate."). Moreover, the Court's dismissal of these claims is without prejudice. *See, e.g.*, *Specialty Nat. Ins. Co. v. English Bros. Funeral Home*, 606 F. Supp. 2d 466, 468 (S.D.N.Y. 2009) ("[T]he Court finds Specialty's request for a declaratory judgment that it has no duty to indemnify English Brothers

to be premature, and accordingly, that portion of plaintiff's motion for summary judgment should be denied and that portion of the action should be dismissed without prejudice."); *Koegler v. Liberty Mut. Ins. Co.*, No. 08-CV-7645 (CM), 2009 WL 1110548, at *1 (S.D.N.Y. Apr. 21, 2009) ("Of course, the claim for a declaration that plaintiff is entitled to indemnification will be dismissed without prejudice, so that if it ever should ripen, a new lawsuit can be commenced. But until the claim ripens, there need be no lawsuit open on the court's docket.").

## CONCLUSION

For the reasons set forth above, Scottsdale's motion for reconsideration is denied. This matter is recommitted to the assigned magistrate judge for all further pre-trial proceedings on the remaining cause of action.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
December 20, 2016

_____
ROSLYNN R. MAUSKOPF
United States District Judge